IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

THIRD DEGREE FILMS, INC., a
foreign corporation,

                                          CASE NO. 4:11-cv-00570

       Plaintiff,
v.

JOHN DOES 1-259,

       Defendants.
_____/

## NOTICE REGARDING UNAUTHORIZED PRACTICE OF LAW AND/OR MOTION TO STRIKE PLEADINGS AND DISMISS SUIT

The undersigned counsel, as officers of the Court and as counsel to John Does 88, 103, and 126 in this suit, file this notice to bring to the Court's attention certain facts regarding Plaintiff's counsel that impact these proceedings and asks that the Court provide whatever relief that the Court finds appropriate given the circumstances. Specifically, the undersigned firm has become aware that Plaintiff's counsel in this suit, Terik Hashmi, is not licensed to practice law in the State of Florida, and is in fact subject to, and in violation of, a "Cease and Desist Affidavit" (the "Affidavit"), attached hereto as **Exhibit A**.[1]

Opposing counsel has represented that he is admitted to file documents in the Northern District of Florida, and indeed the rules governing this District allow filers to obtain CM/ECF passwords in order to make filings within the district. However, membership in the Florida Bar remains mandatory for any attorney who actually practices in this State on an ongoing basis. *See* Rule 10-2.1(a) of the Rules Regulating the Florida Bar; Rule 4-5.5(a) and (b) of the Rules

---

[1] While the spelling of Mr. Hashmi's first name has apparently changed since the execution of the Affidavit, a comparison Mr. Hashmi's signature included on the Affidavit and that included on the subpoenas issued in this suit incontrovertibly shows that Mr. Hashmi is indeed the same individual that executed the Affidavit. *See* an example of the subpoenas, attached as **Exhibit B** hereto.

Regulating the Florida Bar; *The Florida Bar v. Catarcio,* 709 So. 2d 96, 99-101 (Fla. 1998); *Morrison v. West,* 30 So. 3d 561, 565-566 (Fla. 4th DCA 2010); *The Florida Bar v. We the People Forms and Service Center of Sarasota, Inc.,* 880 So. 2d 1280, 1283-1284 (Fla. 2004); *see also* Fla. Stat. § 454.23 (making it a Third Degree Felony to practice law without a license in Florida). Opposing counsel has located his only listed office within this State (in Miami Beach) and, upon information and belief, has carried out all activities related to this suit – including all of the filings in this case and contacting and demanding settlement from certain potential defendants – from offices within this State. The undersigned has conducted internet research regarding Mr. Hashmi and has not been able to locate any other locations from which Mr. Hashmi claims to practice law.

Further, an investigator with the Florida Bar has informed the undersigned firm that opposing counsel executed the Affidavit, in which opposing counsel specifically swore not to practice law within the State of Florida. The Florida Bar investigator represented to the undersigned that opposing counsel is still subject to the terms of this affidavit and is apparently in violation of those terms. The undersigned counsel checked the Florida Bar's attorney listing, and Mr. Hashmi is not listed as a member. Additionally, the Florida Bar investigator informed the undersigned that opposing counsel is now under an additional Florida Bar inquiry related to his activities within Florida.

Pursuant to the terms of the Affidavit, dated August 5, 2010, Mr. Hashmi swore not to: (1) provide any legal advice in Florida (other than in limited immigration matters); (2) hold himself out as being an attorney and/or able to render legal advice or services; (3) render legal advice or legal services or otherwise engage in the practice of law; (4) represent to the public that "he or any person he either employs or who act in concert with him are capable of advising and handling matters requiring legal skills" (emphasis added); (5) advertise in any manner in Florida

that legal services can be provided; or (6) collect fees for legal services. Exh. A at ¶3-4.  Upon information and belief, through the prosecution of this suit and numerous others like it, Mr. Hashmi is violating multiple provisions of the Affidavit.  Indeed, Mr. Hashmi, in addition to executing all of the filings for his client related to this suit, executed the verification in the Complaint swearing that he personally conducted the legal investigations surrounding these allegations.

The undersigned weighed heavily the burden of disclosing the allegations contained herein and determined to file this notice only after consultation with the Florida Bar's Attorney Ethics Hotline, the investigator for the Florida Bar, and other members of the Bar in good standing.  After receiving all of the information included above, the undersigned, as officers of the court, determined that this issue must be brought to the Court's attention so that the Court can fashion the remedy that it deems just and proper.  *See Chambers v. NASCO, Inc.,* 111 S.Ct. 2123, 2132 (1991); *Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir. 2001); *Scelta v. Delicatessen Support Services, Inc.*, 146 F. Supp.2d 1255, 1271 (M.D. Fla. 2001).

WHEREFORE, the undersigned firm requests that this Court take whatever actions it deems appropriate under the circumstances, including, but not limited to striking the Plaintiffs' pleadings and dismissing this suit.

        Respectfully submitted,

        LALCHANDANI SIMON PL

        By: /s/ Daniel J. Simon
        Danny Simon
        Florida Bar No.:  0016244
        danny@lslawpl.com
        Kubs Lalchandani
        Florida Bar No.:  0063966
        kubs@lslawpl.com
        990 Biscayne Blvd., Office 503

>Miami, Florida 33132
>Tel: (305) 999-5291
>Fax: (305) 671-9282
>*Attorneys for John Does 88, 103, and 126*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing as of February 13, 2012.

>By: /s/ Daniel J. Simon
>Danny Simon, Esq.

## **CEASE AND DESIST AFFIDAVIT**

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

BEFORE ME, the undersigned authority, duly authorized to administer oaths, personally appeared, TERYK HASHMI, who after first being duly sworn, upon oath, deposes and says as follows:

1. I am not a member of The Florida Bar and am not licensed to practice law in the State of Florida.

2. I understand that it constitutes a contempt of the Supreme Court of Florida as well as a third degree felony under the Florida Statutes, for an unlicensed individual to engage in the practice of law and/or hold himself out as authorized to so practice, in Florida.

3. I further understand that an attorney licensed in a state other than Florida cannot forward letters to third parties, appearing to be from an attorney, cannot provide legal advice, or otherwise practice law in Florida unless the matter concerns an immigration matter which I am authorized to handle based on my membership in the Bar of the State of Ohio.

4. I further understand that it constitutes the unlicensed practice of law for an unlicensed individual/business entity in the State of Florida to:

   (a)  hold himself out as being an attorney and/or able to render legal advice or services;
   (b)  render legal advice or legal services or otherwise engage in the practice of law;
   (c)  offer legal services to others;
   (d)  represent to the public, either personally or by use of advertisement, that he or any persons he either employs or who act in concert with him are capable of advising and handling matters requiring legal skills.
   (e)  advertise in any manner in Florida that legal services can be provided.
   (f)  collect fees for legal services.

5. I further understand that any letterhead used by me as an attorney in my immigration practice must state, "Not Admitted in Florida" or "Member of Ohio Bar Only, or Practice Limited to Immigration Matters."

6. I certify that I have read and will abide by the following decisions of the Supreme Court of Florida: The Florida Bar v. Snapp, 472 So. 2d 459 (Fla. 1985), The Florida Bar v. Kaiser, 397 So. 2d 1132 (Fla. 1981), The Florida Bar v. York, 689 So. 2d 1037 (Fla. 1996).

7. I further agree that I will not engage henceforth in any of the aforementioned

activities which constitute the unlicensed practice of law unless and until I am admitted to practice in this state by the Supreme Court of Florida.

FURTHER AFFIANT SAYETH NAUGHT.

_____
TERYK HASHMI

The foregoing instrument was acknowledged before me this 5th day of August, 2010, by TERYK HASHMI, who is personally known to me or who has produced Florida Driver License No. H250-800-67-467-0 as identification and who did take an oath.

_____
NOTARY PUBLIC (Signature)

Rodrigo Velez
Name of Notary Public
(Type, Print or Stamp)

Notary Public, State of Florida
Commission No. DD943953

My Commission Expires:

Notary Public State of Florida
Rodrigo Velez
My Commission DD943953
Expires 12/02/2013

2

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Georgia

| | | |
|---|---|---|
| Third Degree Films, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 11-CV-00570 |
| | ) | |
| DOES 1-259 | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Florida ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, COX COMMUNICATIONS (hereinafter "ISP")
1400 Lake Hearn Drive, Atlanta, GA 30319-1464

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Documents sufficient to identify the names, addresses, telephone numbers, and email addresses of ISP's subscribers assigned the IP addresses identified on Attachment A on the corresponding dates at the corresponding times. You are to comply with this subpoena pursuant to the terms set forth in the Order attached hereto as Attachment B.

| Place: Transnational Law Group, LLC c/o BRS | Date and Time: |
|---|---|
| 3700 Mansell Road, Suite 220 | December 29, 2011 at 9:00 a.m. |
| Atlanta, GA 30022 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: November 29, 2011

CLERK OF COURT OR _[signature]_

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Third Degree Films, Inc. , who issues or requests this subpoena, are:

Terik Hashmi, Transnational Law Group, LLC, 429 Lenox Avenue, Suite 5C13, Miami Beach, FL 33139, Email: terik.hashmi.esq@transnationallawgroup.com, Telephone: 888-731-8955