IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

THIRD DEGREE FILMS, INC.,

      Plaintiff,

v.

DOES 1-259,

      Defendants.

_____/

CONSOLIDATED
CASE NO.  4:11cv570-RH/WCS

## ORDER SUBSTITUTING ATTORNEYS AND CONFIRMING THAT THE PLAINTIFFS MUST SHOW CAUSE WHY THESE CASES SHOULD NOT BE DISMISSED

The order of February 16, 2012, directed the plaintiffs' attorney Terik Hashmi—the sole attorney who appeared for the plaintiffs when the cases were filed—to show cause by March 9, 2012, why these cases should not be dismissed on the ground that he had no authority to practice law in Florida or in this court. The order continued:

> Until this issue is resolved by a further order of this court, Mr. Hashmi must not attempt to settle any of these cases, must not accept any payment in settlement of any of these cases, and must not take any other action in any of these cases.  This paragraph of this order binds Mr. Hashmi and his officers, agents, servants, employees, and attorneys—and others in active concert or participation with any of them—who receive actual notice of this order by personal service or

> otherwise. This order does not, however, prevent Mr. Hashmi from attempting to arrange representation of a plaintiff by another attorney, so long as Mr. Hashmi does not demand or accept an unlawful fee for doing so.

Order of Feb. 16, 2012, ECF No. 27 at 12.

A new attorney, Mike Meier, now has filed a motion to allow Mr. Hashmi to withdraw and to substitute Mr. Meier as the plaintiffs' counsel. The motion seems to assume that such a substitution will allow the cases to go forward with no further showing of cause why they should not be dismissed. But the motion does not indicate whether in filing these cases Mr. Hashmi was indeed practicing law in Florida without a license. The motion offers no reason for the court to overlook the illegal filing of the cases, if that is what occurred, and no reason for the court to allow an illegally filed case to go forward.

The motion asserts that the February 16 order says "that representation by another attorney can be arranged," Motion, ECF No. 33 at 4, and the motion suggests that this means the cases can go forward with no showing other than that a qualified attorney is willing to take over. The order does not say that. The order directs the plaintiffs to show cause why the cases should not be dismissed. The plaintiffs still must do so. They have made no such showing to this point, and unless they do so, the cases will be dismissed.

To be sure, the order also enjoins Mr. Hashmi from taking any action in the cases or accepting any payment in settlement, and the order carves out a single

exception to the injunction: the injunction does not prevent Mr. Hashmi from "attempting to arrange representation of a plaintiff by another attorney, so long as Mr. Hashmi does not demand or accept an unlawful fee for doing so." Order of Feb. 16, 2012, ECF No. 27 at 12. This means Mr. Hashmi did not violate the injunction by steering the plaintiffs to Mr. Meier, if that is what occurred. And a corollary is that a qualified attorney—this apparently includes Mr. Meier—can represent the plaintiffs in attempting to show cause why the cases should not be dismissed. But nothing in the February 16 order excuses the plaintiffs from making the required showing.

For these reasons,

IT IS ORDERED:

The motion to substitute counsel, ECF No. 33, is GRANTED IN PART. Terik Hashmi is granted leave to withdraw as the plaintiffs' attorney but remains subject to the court's jurisdiction for possible imposition of sanctions. The appearance of Mike Meier as the plaintiffs' attorney is noted. The plaintiffs must show cause by March 9, 2012, why the cases should not be dismissed on the ground that Mr. Hashmi had no authority to practice law in Florida and to file the cases.

SO ORDERED on February 28, 2012.

s/Robert L. Hinkle
United States District Judge