# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THIRD DEGREE FILMS, INC.,<br>Plaintiff,<br><br>v.<br>DOES 1-259,<br>Defendants.<br>_____/ | CONSOLIDATED<br>CASE NO. 4:11cv570-RH/WCS |
| THIRD DEGREE FILMS, INC.,<br>Plaintiff,<br>v.<br>DOES 1-375,<br>Defendants.<br>_____/ | CASE NO. 4:11cv572-RH/WCS |
| DIGITAL SIN, INC.,<br>Plaintiff,<br>v.<br>DOES 1-208,<br>Defendants.<br>_____/ | CASE NO. 4:11cv583-RH/WCS |
| DIGITAL SIN, INC.,<br>Plaintiff,<br>v.<br>DOES 1-145,<br>Defendants.<br>_____/ | CASE NO. 4:11cv584-RH/WCS |
| DIGITAL SIN, INC.,<br>Plaintiff,<br>v.<br>DOES 1-167,<br>Defendants.<br>_____/ | CASE NO. 4:11cv586-RH/WCS |
| NEXT PHASE DISTRIBUTION, INC.,<br>Plaintiff,<br>v.<br>DOES 1-126,<br>Defendants.<br>_____/ | CASE NO. 4:12cv6-RH/WCS |
| PATRICK COLLINS, INC.,<br>Plaintiff,<br>v.<br>DOES 1-85,<br>Defendants.<br>_____/ | CASE NO. 4:12cv7-RH/WCS |

1

| | |
|---|---|
| ZERO TOLERANCE ENTERTAINMENT, INC.,<br>Plaintiff,<br>v.<br>DOES 1-52,<br>Defendants.<br>_____/ | CASE NO. 4:12cv8-RH/WCS |
| MEDIA PRODUCTS, INC.,<br>Plaintiff,<br>v.<br>DOES 1-34,<br>Defendants.<br>_____/ | CASE NO. 4:12cv24-RH/WCS |
| SBO PICTURES, INC.,<br>Plaintiff,<br>v.<br>DOES 1-92,<br>Defendants.<br>_____/ | CASE NO. 4:12cv25/RH/WCS |
| SBO PICTURES, INC.,<br>Plaintiff,<br>v.<br>DOES 1-97,<br>Defendants.<br>_____/ | CASE NO. 4:12cv26-RH/WCS |
| METRO INTERACTIVE, LLC,<br>Plaintiff,<br>v.<br>DOES 1-56,<br>Defendants.<br>_____/ | CASE NO. 4:12cv43-RH/WCS |
| EVASIVE ANGLES ENTERTAINMENT,<br>Plaintiff,<br>v.<br>DOES 1-97,<br>Defendants.<br>_____/ | CASE NO. 1:11cv241-RH/GRJ |
| ELEGANT ANGEL, INC.,<br>Plaintiff,<br>v.<br>DOES 1-87,<br>Defendants.<br>_____/ | CASE NO. 1:11cv243-RH/GRJ |
| ELEGANT ANGEL, INC.,<br>Plaintiff,<br>v.<br>DOES 1-115, | CASE NO.: 1:11cv245-RH/GRJ |

Defendants.
_____/
ELEGANT ANGEL, INC.,
Plaintiff,
v.                                                          CASE NO. 1:11cv246-RH/GRJ
DOES 1-85,
Defendants.
_____/
ELEGANT ANGEL, INC.,
Plaintiff,
v.                                                          CASE NO. 1:11cv247-RH/GRJ
DOES 1-77,
Defendants.
_____/
MEDIA PRODUCTS, INC.,
Plaintiff,
v.                                                          CASE NO. 1:11cv248-RH/GRJ
DOES 1-175,
Defendants.
_____/
DIGITAL SIN, INC.,
Plaintiff,
v.                                                          CASE NO. 1:11cv280-RH/GRJ
DOES 1-150,
Defendants.
_____/
DIGITAL SIN, INC.,
Plaintiff,
v.                                                          CASE NO. 1:11cv281-RH/GRJ
DOES 1-131,
Defendants.
_____/
EXQUISITE MULTIMEDIA, INC.,
Plaintiff,
v.                                                          CASE NO. 1:12cv2-RH/GRJ
DOES 1-178,
Defendants.
_____/
MEDIA PRODUCTS, INC.,
Plaintiff,
v.                                                          CASE NO. 1:12cv3-RH/GRJ
DOES 1-43,
Defendants.
_____/
NEXT PHASE DISTRIBUTION, INC.,
Plaintiff,

| | |
|---|---|
| v.<br>DOES 1-93,<br>Defendants.<br>_____/ | CASE NO. 1:12cv4-RH/GRJ |
| PATRICK COLLINS, INC.,<br>Plaintiff,<br>v.<br>DOES 1-159,<br>Defendants.<br>_____/ | CASE NO. 1:12cv18-RH/GRJ |
| THIRD DEGREE FILMS, INC.,<br>Plaintiff,<br>v.<br>DOES 1-195,<br>Defendants.<br>_____/ | CASE NO. 1:12cv19-RH/GRJ |
| MEDIA PRODUCTS, INC.,<br>Plaintiff,<br>v.<br>DOES 1-168,<br>Defendants.<br>_____/ | CASE NO. 1:12cv20-RH/GRJ |
| SBO PICTURES, INC.,<br>Plaintiff,<br>v.<br>DOES 1-98,<br>Defendants.<br>_____/ | CASE NO. 1:12cv21-RH/GRJ |

## PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER

Pursuant to the Court's Order of February 28, 2012 [Document 36 in the consolidated case], Plaintiffs, by and through counsel, respond to the Court's request "to show cause why the cases should not be dismissed." *Order of February 28, 2012, page 2 of 3*.

The Court stated in its Show Cause Order of February 16, 2012, that "[t]his court's rules allow an attorney to become a member of the court's bar without being a member of the Florida Bar, so long as the attorney is a member in good standing of the bar of another state. The rule is intended to allow membership in our bar by an out-of-state attorney who is a member of the bar in the attorney's home state. An attorney who resides in Florida but who is not a member of the

Florida Bar cannot properly appear in this court. This has been this court's consistent interpretation of the local rule …" *Order of February 16, 2012, page 10 of 12*.

It appears that Terik Hashmi resides in Florida without being a member of the Florida State Bar, and the Court thus issued a Show Cause Order to Mr. Hashmi about his practice of law.

The Plaintiffs now respectfully request this Court to permit current counsel continue the cases and cure any defects because:

(1) Under *Torrey v. Leesburg Regional Medical Center*, the filing of a Complaint by an attorney who is not licensed is a defect that can be cured.

(2) The Plaintiffs should not be punished for erroneous acts of their then-counsel. It is Florida's policy that cases be decided on the merits.

(3) If there was any neglect, it is excusable. Plaintiffs had no reason to believe there was an issue with then-counsel's admission to practice in this Court.

(4) In the interest of judicial economy, current counsel should be allowed to continue the pending cases. Nothing is gained by having counsel re-file the pending cases; it would burden Plaintiffs, this Court, and the John Doe defendants.

**I.     Under *Torrey v. Leesburg Regional Medical Center*, the filing of a Complaint by an attorney not licensed is a defect that can be cured.**

The Florida Supreme Court held in *Torrey v. Leesburg Regional Medical Center, 769 So.2d 1040* (Fla. 2000), that a complaint filed and signed by an attorney not licensed to practice in Florida is an amendable defect. There, the Florida Supreme Court held:

As emphasized by the Third District in [Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So. 2d 247 (Fla.App. 3 Dist. 1985)], the nullity rule truly places the burden on the unwary litigant, not the offending attorney: 'Indeed, prohibiting amendment and dismissing as a nullity the complaint would yield the ironic result of prejudicing the constituents of the corporation, the very people sought to be protected by the rule against the unauthorized practice of law.' Szteinbaum, 476 So.2d at 250. A similar observation was made by the Fourth District Appellate Court of Illinois in McEvers v. Stout, 218 Ill.App.3d 469, 161 Ill.Dec. 194, 578 N.E.2d 321 (1991). The McEvers court allowed the plaintiffs to amend their medical malpractice complaint after the expiration of the statute of limitations where the original complaint was dismissed as a nullity because it was filed by an attorney not licensed to practice in Illinois. The court concluded that the nullity rule exacted too harsh a penalty on litigants: "[W]e find the Fruin rule provides a result that is too harsh.... Underlying our decision is the recognition that a nullity rule appears to punish the litigant rather than the offending attorney. This might be advisable, if we could legitimately assume that litigants are aware of the rules relating to the practice of law. Assuming such would be unreasonable. Id., 161 Ill.Dec. 194, 578 N.E.2d at 322. […]

*Torrey*, 769 So.2d 1045 (footnotes omitted).

[A]lthough we agree with the Szteinbaum court's rejection of the nullity rule, we believe that the policy of allowing cases to be decided on the merits whenever possible and the protection of litigants from the dangers associated with the unlicensed practice of law are best served by a rule of law that allows amendment of these defective pleadings without requiring the establishment of excusable neglect. Accordingly, consistent with the liberal rules regarding the amendment of pleadings, we conclude that a trial court must allow litigants a reasonable amount of time to amend their complaints with the appearance of authorized counsel. A dismissal should only be granted if the party fails to timely amend his or her pleading.

*Torrey*, 769 So.2d 1045-6 (footnotes omitted).

*Torrey* was confirmed by the Florida Supreme Court in *Colby Materials, Inc. v. Caldwell Construction, Inc.*, 926 So. 2d 1181 (Fla. 2006), where the Court held:

In quashing the Fifth District's decision in *Torrey,* we held that trial courts should not treat papers filed by unlicensed or unauthorized agents as an absolute nullity but, rather, should give litigants in such situations a reasonable opportunity to secure Florida counsel. … Only if the party does not timely act thereafter should sanctions be imposed. … Importantly, we expressly concluded that the entitlement to such an option does not require a demonstration of excusable neglect …"

*Colby*, 926 So. 2d at 1183.

In *Colby*, the Florida Supreme Court also expressly noted that a showing of excusable neglect is not required:

6

*Torrey* clearly holds that a showing of excusable neglect is not required in allowing the amendment of pleadings rendered defective by the absence of an appropriate attorney-agent. *Torrey,* 769 So.2d at 1046.

*Colby*, 926 So. 2d at 1183.

Several other Florida courts have upheld the rule in *Szteinbaum*. *See Telepower Communications, Inc. v. LTI Vehicle Leasing Corp.*, 658 So. 2d 1026 (Fla. App. 4 Dist. 1995) (notice of appeal not signed by attorney can be cured based on Szteinbaum and other precedent); *J.A.R., Inc. v. Universal American Realty Corporation*, 485 So. 2d 467 (Fla. App. 3 Dist. 1986) (initial pleading signed by non-lawyer is not nullity).

## II.    **The Plaintiffs should not be punished for erroneous acts of their then-counsel.  It is Florida's policy that cases be decided on the merits.**

Whenever possible, cases should be determined on their merits, not on technicalities. *See, e.g., Puga v. Suave Shoe Corp.*, 417 So.2d 678, 679 (Fla. 3d DCA 1981) (en banc); *see also Venero v. Balbuena*, 652 So.2d 1271, 1272 (Fla. 3d DCA 1995) ("Florida policy dictates a preference that cases be decided on their merits"); *Moreno Construction, Inc. v. Clancy & Theys Construction Co.*, 722 So. 2d 976 (Fla. 5th DCA 1999) ("Florida's policy that cases should be tried on their merits whenever possible prevails").   Here, if the cases were dismissed, the Court would punish the Plaintiffs, as well as the John Doe defendants who have already filed motions and would need to-file them.

## III.    **If there was any neglect, it is excusable. Plaintiffs had no reason to believe there was an issue with then-counsel's admission to practice in this Court.**

Even though *Torrey* does not require a showing of excusable neglect, Plaintiffs note that such neglect is not present. Plaintiffs relied on their then-counsel's representation that he is properly admitted to practice in this Court. Then-counsel was able to file Plaintiffs' cases

7

through the ECF system, thus indicating to Plaintiffs that he was properly admitted. When Plaintiffs received notice that there may be issues with then-counsel's admission to practice, Plaintiffs required proof of his proper admission to practice in this Court. Then-counsel provided the admission certificate and his admission application, showing no misrepresentations.

Also, the relevant rule in the Northern District of Florida does not expressly state that admission for non-Florida-barred attorneys is only for non-resident lawyers: "An attorney is qualified for admission to the bar of this district if the attorney: (1) is currently a member in good standing of The Florida Bar or the Bar of any state …" There is nothing in the rule indicating that "member in good standing of Bar of any state" only applies to non-Florida attorneys.  Nowhere in the rules is there a suggestion that residency of the attorney is a relevant criteria.

Under Florida Rule of Professional Conduct 4-5.5(b)(3), (3), a lawyer not licensed in Florida may not appear "in court, before an administrative agency, or before any other tribunal *unless authorized to do so by the court*, administrative agency, or tribunal pursuant to the applicable rules of the court, administrative agency, or tribunal." (emphasis added).

Since then-counsel had apparent authorization to practice in this Court, Plaintiffs had no reason to believe otherwise.

### IV. **Counsel should be allowed to continue the pending cases for judicial economy. Nothing is gained by having counsel re-file the pending cases, as it would burden Plaintiffs, this Court, and the John Doe defendants.**

Finally, Plaintiffs should have an opportunity to cure any defects because of judicial economy. If the cases were dismissed, counsel would have to re-file them, and the entire process would start anew. This burdens not only the Plaintiff, but also this Court's administration.

Furthermore, it would be a burden on the John Does who have already filed motions to quash or dismiss, as they would have to refile their motions as well.

Therefore, Plaintiffs respectfully request this Court to:

(a) Permit Plaintiffs to continue the currently pending cases;

(b) Permit Plaintiffs to cure any defects as the Court deems appropriate; and

(c) Grant Plaintiffs an appropriate extension of time to respond to the pending motions to quash or dismiss.

Date: March 2, 2012

By:  /s/ Mike Meier
Mike Meier (D.C. Bar #444132)
N.D. Florida: Practice limited to federal law.
Not Admitted in Florida.
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email: mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on 2 March 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system.

By:   /s/ Mike Meier
      Mike Meier (D.C. Bar #444132)
      N.D. Florida: Practice limited to federal law.
      Not Admitted in Florida.
      The Copyright Law Group, PLLC
      4000 Legato Road, Suite 1100
      Fairfax, VA 22033
      Phone: (888) 407-6770
      Fax: (703) 546-4990
      Email:
      mike.meier.esq@copyrightdefenselawyer.com

      ATTORNEY FOR PLAINTIFFS