UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ELEGANT ANGELS, INC.

    Plaintiff,

v.

DOES 1-87,

    Defendants.
_____/

**CONSOLIDATED**
**CASE NO: 4:11cv570-RH/GRJ**

CASE NO: 1:11cv243-RH/GRJ

### DOE 34'S MOTION TO DISMISS AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER, AND MOTION TO QUASH SUBPOENA

COMES NOW DOE 34, and by through the undersigned counsel, and hereby files this Motion To Dismiss and Memorandum In Opposition To Plaintiff's Response to Show Cause Order, And Motion To Quash Subpoena, and would show as follows.

### I.  Introduction and Factual Background

1. On November 17, 2011, plaintiff, ELEGANT ANGELS, INC., by and through Terik Hashmi, filed its original action, Case No. 1:11cv243-RH/GRJ, in the U.S. District Court, Northern District of Florida, Gainesville Division.

2. On February 16, 2012, Case No. 1:11cv243-RH/GRJ was consolidated, for case-management purposes only, along with 26 other cases filed by Terik Hashmi, on a common docket under Consolidated Case No. 4:11cv570-RH/GRJ, in the U.S. District Court, Northern District of Florida, Tallahassee Division. Order Consolidating The Cases For Case-Management Purposes Only, Requiring The Plaintiffs' Attorney To Show Cause Why The Cases Should Not Be Dismissed, And Staying All Other Proceedings, ¶ 1 **(Docket #27)**. ("Consolidation Order")

3. Paragraph 5 of the Consolidation Order commands that:

   *Mr. Hashmi must show cause by March 9, 2012, why these cases should not be dismissed on the ground that he has no authority to practice law in Florida or in this court.* (Consolidation Order ¶ 5.)

4. An attorney who resides in Florida but who is not a member of the Florida Bar can properly appear in this court. (Consolidation Order 10.) This has been this court's consistent interpretation of the court's local rule, and it is also a corollary of the Florida state law prohibition on the unauthorized practice of law in this state. (Consolidation Order 10.)

5. On March 2, 2012, plaintiff's counsel filed Plaintiff's Response to Show Cause Order in the consolidated case **(Docket #39)**.

## ARGUMENT

### II. Motion To Dismiss and Memorandum In Opposition To Plaintiff's Response to Show Cause Order

ELEGANT ANGEL, INC. v. DOES 1-87, Case No. 1:11cv243-RH/GRJ should be dismissed on the ground that the person who filed this case on behalf of the plaintiff had no authority to practice law in Florida or in this court at the time of filing.[1] A plain reading of Rule 11 of the Federal Rules of Civil Procedure supports dismissal and provides:

> (a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied

---

[1] Although not specifically addressed in this court's Local Rules for the Northern District of Florida, a basis for a bright-line mandate for dismissal is consistent with the local rules governing at least one state's bar within the 11th Circuit. For example, under the Alabama State Bar rules permitting the appearance of foreign attorneys pro hac vice, Rule J(2) provides that "[a]ny pleadings or other documents filed in violation hereof **shall be stricken** from the record upon the motion of any party or by the court or administrative agency sua sponte . . . ." (emphasis added).

by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention. Fed. R. Civ. P. 11.[2]

In <u>Elustra v. Mineo</u>, 595 F. 3d 699 (7th Cir. 2010) a non-lawyer parent (Lopez)—previously represented by counsel—filed a motion on behalf of her two minor and one adult daughters acting as their "next friend." <u>Id.</u> In reviewing what legal significance, if any, should attach to the motion filed by the non-lawyer, parent, the 7th Circuit began its review by stating that "[t]he first question we must address is whether we should look to state or federal law to resolve this problem," and concluded that "it is federal law that dictates whether Lopez was entitled to act for one or more of her three daughters in the way that she did." <u>Elustra</u>, 595 F. 3d at 704. The <u>Elustra</u> court continued this finding to state that "[e]ven though federal law controls, this is the kind of question for which state law might provide useful guidance." <u>Id.</u>

Guidance can be found by looking to the Supreme Court of Virginia, which held that "any pleadings" filed by an attorney whose license to practice law was administratively suspended by the Virginia State Bar are invalid. <u>Nerri v. Adu-Gyamfi</u>, 613 S.E. 2d 429, 430 (Va. 2005) ("[A] pleading signed by a foreign attorney who is not authorized to practice law in this Commonwealth is invalid and has 'no legal effect' " (citing <u>Wellmore Coal Corp. v. Harman Mining Corp.</u>, 568 S.E. 2d 671, 673 (2002)). The <u>Nerri</u> court reversed a non-suit, holding that because the attorney was not entitled to practice law at the time he signed and filed the motion for judgment, the pleading was invalid and had no legal effect, concluding "[t]herefore, no proceeding was pending which could be non-suited." <u>Id.</u>

However, the degree at which state courts apply a bright-line nullity rule varies. <u>See</u> <u>Colby Materials, Inc. v. Caldwell Construction, Inc.</u>, 926 So. 2d 1181, 1183 (Fla. 2006). In

---

[2] <u>See also</u> 28 U.S.C. § 1654 (providing that "parties may plead and conduct their own cases personally or by counsel.")

Colby Materials, Inc., the Florida Supreme Court reiterated its holding in Torrey v. Leesburg Regional Medical Center, 769 So. 2d 1040 (Fla. 2000), essentially holding that Florida's policy that cases should be tried on their merits whenever possible. Id. at 1043 (citing Moreno Construction, Inc. v. Clancy & Theys Construction Co., 722 So. 2d 976, 978 (Fla. 5th DCA 1999)). "Emphasizing that such a [bright-line nullity] rule would place 'the burden on the unwary litigant, not the offending attorney,' and, furthermore, that it was 'ill-suited to promote the policy served by the rule against the unauthorized practice of law,' we concluded that there were other, more effective ways to punish attorneys engaging in the unauthorized practice of law." Id. at 1044-45.

In Torrey v. Leesburg Regional Medical Center, 769 So. 2d 1040 (Fla. 2000) the Florida Supreme Court considered whether a complaint filed and signed by an attorney not licensed to practice in Florida was a nullity or an amendable defect. Torrey, 769 So. 2d at 1041. In Torrey, a Michigan licensed attorney, who worked for a firm that employed Florida licensed attorneys, filed a wrongful death complaint. Id. The lower court dismissed the plaintiff's complaint without prejudice relying on Lincoln American Life Insurance Co. v. Parris, 390 So. 2d 148 (Fla. 1st DCA 1980). Torrey, 769 So. 2d at 1042. The Florida Fifth District Court of Appeal affirmed the dismissal without prejudice. Id. The court receded from the nullity rule in favor of allowing cases to be decided on their merits, whenever possible. Torrey, 769 So. 2d at 1045-46. The court also stated that protection of the litigant represented by the non-lawyer was best served by allowing amendment to the defective pleadings. Torrey, 769 So. 2d at 1045-46.[3]

---

[3] But note: Consideration was given to the fact that the statute of limitations for the wrongful death claim had since expired at the time defendant argued for dismissal. Torrey, 769 So. 2d at 1042.

The court's repeated use of the term "whenever possible" reserves the court's discretion to strike pleadings filed by a non-attorney, while preserving Florida's common law rule that pleadings filed by a non-lawyer on behalf of another are a nullity. Torrey, 769 So. 2d at 1043 (citing Moreno, 722 So. 2d at 978). In Colby Materials, Inc., supra ¶ 9, an officer of the defendant corporation filed two *pro se* motions on behalf of the corporation in response to the complaint. Colby Materials, Inc., 926 So. 2d at 1182. The trial court entered a default and final judgment in favor of the plaintiff, because the defendant responded through a corporate officer.[4] Colby Materials, Inc., 926 So. 2d at 1182.

Application of the nullity rule in Florida is highly dependent on the facts of each case and its procedural posture. Indeed, while one Florida district's nullity holding may appear inapposite to another's, **"the different procedural postures of the cases appear to account for the seemingly incongruous treatment."** Torrey, So. 2d at 1043 (emphasis added). Thus, where a non-attorney appears in a Florida state court case, in some instances the Florida Supreme Court disfavors a bright-line nullity rule of dismissal, favors adjudication on the merits, and protection of the interest of the "unwary litigant" represented by the non-attorney. Colby Materials, Inc., 926 So. 2d at 1183.

Having considered useful guidance from state court decisions, the court should next look to federal law, in that federal law controls the kind of question at bar. Elustra, 595 F. 3d at 704. Federal decisions similarly favor adjudication on the merits and protection of the unwary litigant, and recognize means under which an attorney can be punished for the unauthorized practice of law apart from striking the pleadings filed by the ineligible attorney. However, federal court

---

[4] The responses being filed by a non-lawyer were deemed akin to not filing in a timely manner, resulting in the entry of default.

decisions focus on an additional consideration; the integrity of the judicial system. See Alexander v. Robertson, 882 F. 2d 421 (9th Cir. 1989).

In Alexander v. Robertson, defendant Robertson appealed from an order denying his Rule 60(b)[5] motion for relief from judgment arising from the repossession of a vessel, resulting in a deficiency judgment against defendant Robertson. Alexander, 882 F. 2d at 421-22. The Alexander party plaintiff represented by the non-attorney prevailed at trial. Id. The Rule 60(b) motion was based on the undisputed fact that the attorney who represented the prevailing party at trial had not been licensed to practice law in the Northern District of California and failed to notify the district court, as required by its Local Rule 110.1, that he (the attorney) was not a member of the California Bar. Alexander, 882 F. 2d at 422. None of the parties knew of the attorney's misconduct until after the trial ended. Alexander, 882 F. 2d at 423.

The Alexander defendant/appellant (Robertson) relied on, and the opinion cites, a line of California decisions that provide authority to set aside a judgment if it is later discovered that either of the party's representatives was not a licensed attorney. Id. Appellees relied on an alternate legal theory, a line of California decisions holding that it would only be appropriate to set aside a lower court's judgment where the party whose interest the unlicensed attorney represented fails to succeed in the prior proceedings. Alexander, 882 F. 2d at 423. The Ninth

---

[5] "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Circuit Court of Appeal relaxed the so-called nullity rule and held that to set aside the judgment in favor of defendant Robertson's Rule 60(b) motion would be a 'fruitless' gesture that would hardly bolster the public's perception of the judicial system under the circumstances, because it would neither protect the integrity of the judicial system nor vindicate the interest of a party victimized by the unlicensed practice of law "inasmuch as the party so represented was the successful litigant." Alexander, 882 F. 2d at 425.

The circumstances in the Alexander v. Robertson, 882 F. 2d 421 (9th Cir. 1989) and the state court cases cited above are very much inapposite to that of ELEGANT ANGEL, INC. v. DOES 1-87. The instant case is at its earliest stage of proceeding and process, i.e., that of discovery being conducted prior to a Rule 26(f) conference for the purpose of identifying purported defendants. Upon information and belief, **none of the defendants have been served,** in stark contrast to the Alexander court's post-trial deliberation. In the instant case, dismissal of the plaintiff's original complaint would protect the integrity of the judicial system, but not necessarily vindicate the interest of a party plaintiff presumptively victimized by the unlicensed practice of law.

The protection of the party represented by the ineligible attorney is not of grave import in the ELEGANT ANGEL, INC. v. DOES 1-87 case. The plaintiff is a sophisticated motion picture producer and copyright owner. Complaint, ¶¶ 8 and 17. The plaintiff is known to participate in the mass filing of lawsuits, with the assistance and advice of learned professionals. (See Compl. ¶¶ 19-23, Exs. A and B.) The plaintiff, on its own volition, elected to file suit against 3,547 individual defendants believed to reside within the jurisdiction of this Honorable Court. Presumptively, the plaintiff voluntarily chose its attorney in an arm's-length transaction.

Unlike the next friend in Elustra v. Mineo, 595 F. 3d 699 (7th Cir. 2010) supra ¶ 7, who was inclined to represent her minor daughters in the midst of an ongoing proceeding, or the Michigan attorney in Torrey v. Leesburg Regional Medical Center, 769 So. 2d 1040 (Fla. 2000) supra ¶ 9-10, whose office employed members of the Florida Bar and where defendant moved for dismissal more than one year after protracted litigation and would have resulted in the harsh consequence of barring the descendant's representative's wrongful death case because of the passing of the short statute of limitations in medical malpractice claims, or the corporate officer in Colby Materials, Inc. v. Caldwell Construction, Inc., 926 So. 2d 1181 (Fla. 2006) supra ¶ 9, 11-13, who suffered a default due to his lack knowledge that a corporation cannot represent itself in Florida, the plaintiff herein, ELEGANT ANGEL, INC., knew it needed to be represented by counsel duly admitted to file its lawsuits in this district, but failed to exercise its due diligence when selecting counsel. The protection to be afforded that our case law refers to as the "unwary litigant" does not apply to this plaintiff, particularly at this stage of the litigation, the outcome of which, thus far, is essentially the result of a contractual relationship between plaintiff's counsel and its attorney.

Thus, since most, if not all, of the defendants have yet to been served, the parties have yet to touch on the merits of the case. The only consideration currently pending before this Court is the financial interests of the party who retained an attorney of another state (with an office in this state) who was not authorized to file pleadings in this Court at the time of filing, and the potential buyer's remorse of the business entity who retained such an attorney. In this case the public is best served by placing the interest of integrity of the judicial system and this Honorable Court's jurisdiction over the interest of economic preservation of the plaintiff who invoked it.

### III.   Motion to Quash Subpoena

The Consolidated Order provides that "[a]ll proceedings and all deadlines that have not passed are stayed pending a determination of whether these cases should be dismissed-or other appropriate action taken-based on the notice suggesting that the plaintiff's attorney Terik Hashmi resides but is not licensed to practice law in Florida." (Consolidated Order ¶ 4.)

To the extent that paragraph 4 of the Consolidated Order generally stays all deadlines that have not passed, DOE 34 is uncertain whether the stay reaches the subpoenaed non-party, Comcast, and if so, does the order extend the deadline for Comcast to comply with the subpoena so served. Pursuant to the non-party subpoena issued in this case through the U.S. District Court for the District of New Jersey, dated February 9, 2012, Comcast must provide the legal name and other identifying information of DOE 34 to the plaintiff by **March 10, 2012**. Comcast has set an **internal deadline** of within which DOE 34 may object to the subpoena. Indeed, this filing is DOE 34's objection.

Under the Consolidated Order Terik Hashmi must show cause by **March 9, 2012**, as to why these cases should not be dismissed. (Consolidated Order ¶ 5.) In light of the proximity of the above deadlines, DOE 34 hereby moves for an order quashing the subpoena served on Comcast in New Jersey, preventing Comcast from complying with the subpoena prior to a determination of whether Terik Hashmi has shown cause as to why Case No. 1:11cv243-RH/GRJ should not be dismissed.

For the foregoing reasons, DOE 34 respectfully moves that Case No. 1:11cv243-RH/GRJ be dismissed, with or without prejudice, and that the subpoena served under this Complaint be quashed.

### IV.     Conclusion

DOE 34 prays for an order against plaintiff, ELEGANT ANGELS, INC., that dismisses this action with or without prejudice, quashes the subpoena served upon Comcast by ELEGANT ANGELS, INC., that contains the IP address of DOE 34, to-wit: 68.63.44.119 on 10/27/2011 at 18:54:48 ET, that plaintiff, ELEGANT ANGELS, INC., take nothing by way of its complaint, that DOE 34 go hence without day, and that this Honorable Court grant such other and further relief it may deem equitable and just under the circumstances.

Respectfully submitted by:

**WILLIAM R. WOHLSIFER, PA**

By: /s/ William R. Wohlsifer
    William R. Wohlsifer, Esquire
    Fla. Bar No: 86827
    1100 E Park Ave Ste B
    Tallahassee, Florida 32301
    Tel: (850)219-8888
    Fax: (866)829-8174
    E-Mail: william@wohlsifer.com
    Attorney for Doe 34

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

I hereby certify that the undersigned counsel has conferred with plaintiff's counsel via telephone in a good faith attempt effort to resolve by agreement the issues raised in this motion but was unsuccessful.

By: /s/ William R. Wohlsifer
    William R. Wohlsifer, Esquire
    Fla. Bar No: 86827

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all parties receiving electronic notification via the Court's CM/ECF system as of March 1, 2012.

I also certify that on this date a copy of the foregoing was served to the following entity via facsimile and U.S. mail:

        Comcast Legal Response Center
        650 Centerton Road
        Moorestown NJ  08507
        Fax:  (866)947-5587

By: /s/ William R. Wohlsifer
    William R. Wohlsifer, Esquire
    Fla. Bar No:  86827