IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Consolidated case number: 4:11-cv-570-RH/GRJ
Original Case No.: 1:11-CV-00245

ELEGENT ANGEL, INC.

      Plaintiff,

vs.

DOES 1-115,

      Defendants.

_____/

## MOTION TO QUASH SUBPOENA
## AND FOR SEVERANCE AND DISMISSAL OF DEFENDANTS

COMES NOW Doe 48 (as identified by the Plaintiff's Complaint), by and through her undersigned counsel, and pursuant to Federal Rules of Civil Procedure 20 and 21, who does hereby file this, her Motion to Quash Subpoena and for Severance and Dismissal of Defendants, and in support thereof does state:

1.      The Defendant first became aware of the instant lawsuit when she was contacted by her internet service provider ("ISP") and notified that it had received a subpoena which required it to provide information which would identify her name, address, and other information.

2.      The basis for the subpoena is the Plaintiff's allegation that Doe 48, along with 114 other Does, downloaded a movie called "Real Female Orgasms #8" (presumably a pornographic video) over the BitTorrent peer-to-peer file sharing network.

3.      According to the Complaint, each of the Defendants downloaded either the entirety or a portion of an identical computer file which contained the Plaintiff's

1

copyrighted work by using the peer-to-peer program. It is also alleged that the Defendants may have uploaded (distributed to others) the same file.

4.      As the Plaintiff explains it (and this is necessarily a condensed explanation), the BitTorrent program works by splitting a computer file (in this case the Plaintiff's copyrighted movie) into many very small pieces. These pieces are then traded over the network by many users, who each download some pieces and in some case upload pieces as well. A user acquires the complete file by downloading the many small pieces from other users who have them – sometimes from one user, and sometimes from many.

5.      The Plaintiff alleges that the actions described in paragraphs 2–4 constitute Copyright Infringement under 17 USC § 101 (Count I), and Contributory Infringement (Count II).

6.      On the basis of the above allegations, on November 18, 2011 the Plaintiff filed a Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Docket 5).

7.      That Motion was granted by the Court on November 23, 2011 (Docket 6), and the Court allowed the Plaintiff to serve subpoenas on the ISPs of the various Defendants to discover identifying information of each Defendant.

8.      The Court's order allowed any affected Defendant to move to modify or quash the subpoenas issued as a result of the order.

9.      The Defendants in this action have been mis-joined pursuant to F.R.Civ.Pro. 20, because no showing has been made that they participated in the same transaction, occurrence, or series of transactions or occurrences.

10.     As a result, the various subpoenas which have been issued should be quashed and the improper joinder of the Defendants should be cured by severing and dismissing (without prejudice) all but Doe number 1 from the instant matter.

## MEMORANDUM OF LAW AND ARGUMENT

### I.      Legal basis for Joinder and Severance

Federal Rule of Civil Procedure 20 governs permissive joinder of parties.  As to joinder of Defendants, the Rule states that:

> (2) Defendants.   Persons … may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and:
>
> (B) any question of law or fact common to all defendants will arise in the action.

Federal Rule of Civil Procedure 21 provides remedies for misjoinder of parties. That Rule states that "Misjoinder of parties is not a ground for dismissing an action.  On Motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."

Generally, the joinder rules exist to "promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits."  Alexander v. Fulton County Georgia, F.3d 1303, 1323 (11th Cir. 2000).  The Supreme Court has found that "[u]nder the [Federal] Rules [of Civil Procedure], the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  United Mine Workers of America v. Gibbs, 383 U.S. 715 724 (1966).  However, even if the requirements for permissive joinder are met, "a court must examine whether permissive joinder would comport with

the principles of fundamental fairness or would result in prejudice to either side."
<u>Coleman v. Quaker Oats Company</u>, 232 F.3d 1271 1296 (9th Cir. 2000).  Courts may also
sever claims where joinder would cause confusion and complication, rather than lead to
the efficient resolution of claims.  <u>Wynn v. national Broadcasting Co.</u>, 234 F.Supp. 2d
1067 (C.D. Cal. 2002).

## II.    The Allegations in the Complaint are Insufficient to Satisfy the Joinder Requirements of Rule 20.

The allegations in the Complaint simply allege that the various Defendants
downloaded the same version of the Plaintiff's copyrighted work using a peer-to-peer
program within the same "limited period of time" (in reality, a period of approximately
40 days is covered by the allegations in the Complaint).  That allegation is insufficient to
meet Rule 20's "same transaction or occurrence" test.  Critically missing from the
allegations in the Complaint is any allegation that any individual defendant either
downloaded or uploaded the copyrighted work (or any piece of the copyrighted work)
from any other defendant.  Certainly, the Plaintiff has had an opportunity to make such an
allegation – it has provided a statement from Jon Nicoli that sets out the technical
operation of a torrent network in detail, and purports to describe the step by step
investigation that he conducted prior to the filing of the instant suit.  But nowhere in that
statement is there any indication that he uncovered any evidence that any of the
individual Defendants actually interacted with one another in any way.  Instead, he
described the Defendants' participation in the BitTorrent "swarm" – that is, the entire
universe of all BitTorrent users who are sharing the same specific file at a given time –
and indicates that each of the defendants either downloaded a piece of the copyrighted
work from or uploaded a piece of the copyrighted work to the "swarm."  Of course, the

swarm does not consist of only those users named in this lawsuit (who are alleged to live in the very limited geographical area which is covered by the Northern District of Florida), but consists of any person who is sharing the copyrighted file at a given point in time, *anywhere in the world*.   Lacking any allegation or indication that any of the defendants to this suit actually communicated with each other to share the Plaintiff's copyrighted work, their discreet actions cannot be said to arise out of the same transaction, occurrence or series of transactions or occurrences.

Judge Moore in the Southern District of Florida faced the identical issue recently in  Liberty Media Holdings, LLC v. Bittorrent Swarm, 2011 WL 5190048 (S.D. Fla. Nov.1, 2011).   In that case he *sua sponte* considered whether the joinder of 20 "Doe" defendants was proper in a copyright infringement case which alleged sharing over a torrent network.   The Court noted that although the complaint contained allegations that the defendants participated in the same "swarm" there was no allegation that the defendants participated in sharing the copyrighted work with *each other*.   The Court held that "[m]erely participating in a BitTorrent swarm does not equate to participating in the same transaction, occurrence, or series of transactions or occurrences.   Id. at 3.   The result of the misjoinder in the Liberty Media Holdings case: the severance and dismissal of all defendants but one from the action.   The Court concluded that severance was necessary to prevent "causing prejudice and unfairness" to the defendants and to expedite the litigation.   Id.   The issues of importance to the Court in coming to that decision were: 1. the fact that the joinder, and the delay in discovery that it has produced, had already stalled the action; 2. that severance would allow the Court to effectively address the unique defenses that would be raised by the various defendants; and 3. that joinder would

prejudice the defendants due to the logistical burdens it would impose (service of papers on all parties, attendance at parties' depositions and hearings, and the conduct of trial). Id.

The Middle District of Florida has considered this question as well in a case filed by Interscope Records, and a number of other recording companies.  While the Court's order in that case does not appear to be recorded in Westlaw, it is reproduced as Exhibit 1 to this Motion.  In that case, numerous copyright holders attempted to gain permission to subpoena ISPs for the identity of various "Doe" defendants that had been joined into one suit.  Initially, an order granting the request was entered.  However, the court re-considered that decision when confronted with a Motion to Quash the subpoenas.  The Court considered the fact that the "[p]laintiffs fail[ed] to show how or which of the Defendants have actually downloaded Plaintiffs' copyrighted songs from another Defendant (which could conceivably link such Defendants) as opposed to any other users of the systems."  The Court resolved the misjoinder issue by severing all of the "Doe" defendants except for the first from the matter, dismissing them from the case, and granting the Plaintiff leave to re-file individual lawsuits against each Defendant (which they timely did).

Other jurisdictions have considered the issue as well.  In Hard Drive Productions, Inc. v. Does 1-188, 2011 WL 3740473 (N.D. Cal. 2011) the identical issue was raised relative to downloads of the same file over a Bittorrent network.  In that case the court quashed a subpoena to various Does' ISPs noting:

> Does 1–188 did not participate in the same transaction or occurrence, or the same series of transactions or occurrences. Under the BitTorrent Protocol, it is not necessary that each of the Does 1–188 participated in or contributed to the downloading of each other's copies of

the work at issue—or even participated in or contributed to the downloading by any of the Does 1–188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe *or to any of the potentially thousands who participated in a given swarm*. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

Id. at 13.  A Georgia District Court likewise found joinder inappropriate in a similar case, noting that "[t]he facts here demonstrate why the swarm joinder pleading tactic is not appropriate in this action.  The differing dates and times of each Defendant's alleged sharing do not allow for an inference that the Defendants were acting in concert.  While the Defendants may have used the same peer-to-peer system, the Complaint does not allege that they were sharing with each other." Raw Filmas, Inc. v. Does 1-32, 2011 WL 6840590, at 2 (N.D.Ga. Dec. 29, 2011).  Finally, a Virginia District Court has come to the same conclusion, stating that "[t]he mere allegation that the defendants have used the same peer-to-peer network to copy and reproduce the Work – which occurred on different days and times over a span of two months – is insufficient to meet the standards of joinder set forth in Rule 20."  Patrick Collins, Inc. v. Does 1-58, unpublished Memorandum Order dated October 5, 2011, page 3 (reproduced as Exhibit 2).[1]

---

[1] In the Patrick Collins case, the Court required the Plaintiff to show cause why Rule 11 sanctions should not be entered, stating:

The Court Also finds that the Plaintiff should be required to show cause why certain conduct does not violate Rule 11 of the Federal Rules of Civil Procedure.  The Court currently has three similar cases before it, all brought by the same attorney.  The suits are virtually identical in their terms, but filed on behalf of different film production companies.  In all three, the plaintiffs sought, and the Court granted, expedited discovery allowing the Plaintiffs to subpoena information from ISPs to identify the Doe defendants.  According to some of the defendants, the plaintiffs then contacted the John Does, alerting them to their lawsuit and their potential liability.  Some defendants have indicated that the plaintiffs contacted them directly with harassing phone calls, demanding $2,900.00 in compensation to end the litigation.  When any of the defendants have filed a motion to dismiss or sever themselves from the litigation, however, the plaintiffs have immediately voluntarily dismissed them as parties to prevent the defendants from bringing their motions before the Court for resolution.

This course of conduct indicates that the plaintiffs have used the offices of the court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them.  The

As in all of the cases cited above, in the instant case there is no allegation that the defendants have taken any action other than to share the same file over the same network. Despite the fact that the Plaintiff claims to have conducted a technical investigation into this matter and into the Defendants named in this suit prior to filing, it has apparently not uncovered any evidence that any individual defendant acted in concert with any other individual defendant. Clearly, there is no allegation in the Complaint that such concerted action took place. Indeed, Exhibit A attached to the Complaint illustrates the *lack* of any concerted action between the vast majority of the Defendants. That document identifies the date and time that the alleged infringement occurred for each IP address. Of 115 alleged instances of infringement, only 2 instances took place at the same time as any other Defendant's supposed infringement[2]. Of course, that information alone is insufficient to demonstrate that even those Does were interacting with one another: they could just as easily have been communicating with any of the other multitudinous members of the "swarm" which were using the BitTorrent network at those times[3]. So, the Plaintiff's own exhibit demonstrates clearly that there is a complete lack of concerted activity between the majority of the Defendants that have been identified herein. As for the defendants whose activity did occur at the same time and date, the best that the Plaintiff could allege is that it is *possible* that they were sharing the copyrighted work with each other. Under these circumstances, the Plaintiff has wholly failed to

---

plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does. Whenever a suggestion of a ruling on the merits of the claims appears on the horizon, the Plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits. Id. at page 4.

[2] The activity of Does 46 and 76 occurred on August 28, 2011 at 5:14:51; and the activity of Does 114 and 115 occurred on August 1, 2011 at 22:41:17.

[3] The Court should note that the activity of this Defendant, Doe 48, is alleged to have occurred on August 18, 2011 at 23:48:25. That date and time does not coincide with any of the other Does' alleged times and dates.

demonstrate that the Defendants' action arise out of the same transaction or occurrence, and as a result, the defendants are misjoined under Fed.R.Civ.Pro. 20.

**III.   Even if the Plaintiff Properly Joined the Defendants, the Court Should Discretionarily Sever them.**

The purpose of the permissive joinder rule is to promote efficiency and convenience. In this matter, joinder of 115 defendants into a single suit does not promote either cause – to the contrary, joinder in this matter would create a procedural and technical morass to mire the parties. The discovery rules require a meeting of the parties, and agreement on a discovery plan – that would be next to impossible with 115 defendants providing input and having differing needs. Each Defendant would have a right to appear at any status conference, court appearance, deposition or other proceeding in the case – from a logistical standpoint that will be difficult if not impossible. Each Defendant will allege and have the right to prove their own defense or defenses, which would ultimately require the Court to conduct a separate mini trial for each Defendant. Indeed, the only party who gains any benefit from having this matter proceed in this manner is the Plaintiff, and that is only because it will pay one filing fee to the Clerk of the Court as opposed to 115 filing fees. All of the Defendants would be disadvantaged by joinder, the Court and its personnel would be overtaxed by joinder, and the Clerk of the Court will be burdened with the work of 115 cases while only receiving the benefit of one filing fee. So, even if joinder occurred properly in this matter (and the Defendant firmly contends that it did not), the Court should exercise its discretion to sever Does 2-115 from Doe 1.

**IV.    Dismissal is Further Appropriate Because Plaintiff's Counsel is not a Member of the Florida Bar.**

In Consolidated Case number 4:11cv570 the Court has taken note of the fact that this case, along with 26 similar cases, have been filed by Terik Hashmi, counsel for the various Plaintiffs.  Terik Haskmi is not a member of the Florida Bar, yet he apparently maintains an office in the State related to the practice of law.  The Court has required Mr. Hashmi to show cause why the various cases should not be dismissed.  As of this date, that has not occurred.  Should no such proper showing be made, this matter should be dismissed in its entirety.

**WHEREFORE,** the Defendant respectfully requests that the Court enter an order finding that the Plaintiff has mis-joined the Defendants in this matter, that the Court sever Defendants 2-115 from the pending case and require that new cases be filed against them individually, and that the Court dismiss the cases against Defendants 2-115 if individual actions are not brought within 10 days of the Courts Order.  The Defendant further requests that the Court quash the subpoenas as to all Defendants excepting Doe 1.

## CERTIFICATION UNDER LOCAL RULE 7.1(B)

The undersigned certifies that he has conferred with counsel for the opposing party in a good faith attempt to resolve the issues set out herein, and that the parties were unable to agree on a resolution.

10

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 7, 2012, I electronically filed the foregoing

Motion to Quash Subpoena and for Severance and Dismissal of Defendants with the

Clerk of the Northern District Court by using the CM/ECF system which will send a

notice of electronic filing to the following and via U.S. Mail to:

Terik Hashmi, Esq.
Transnational Law Group, LLC
429 Lenox Avenue, Suite 5C13
Miami Beach, FL  33139
Attorney for Plaintiff

NELSON HESSE, LLP
2070 Ringling Boulevard
Sarasota, Florida  34237
(941)  366-7550 (office)
(941) 955-3708 (fax)
Attorney for Doe 48

By:    /s Daniel C. Guarnieri
        Daniel C. Guarnieri, Esq.
        Fla. Bar No. 0914401