IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

ELEGANT ANGEL, INC.

 Plaintiff,

v.

DOES 1-87,

 Defendants.
_____/

CONSOLIDATED
CASE NO. 4:11cv570-RH/WCS

CASE NO: 1:11cv243-RH/GRJ

**MOTION TO DISMISS/SEVER AND/OR TO QUASH SUBPOENA AND
INCORPORATED MEMORANDUM IN SUPPORT**

 Defendant, John Doe 82, by and through undersigned counsel, files this Motion and moves this Court to sever and dismiss the Defendants for improper joinder under Federal Rule of Civil Procedure 21; and/or quash the subpoena directed at Comcast ("Subpoena"). This Court should grant the relief requested for the reasons stated herein.

 In support of this Motion, the Defendant submits the following Memorandum of Law:

**I. INTRODUCTION AND BACKGROUND**

 Plaintiff, Elegant Angel, Inc., is a California corporation, which professes to have its principal places of business in California. (*See generally* Compl.).[1] Plaintiff does not appear to transact business in Florida or have any identifiable connections to Florida. Plaintiff claims to be the copyright holder of the explicit adult video production titled

---

[1] Curiously, Compl. ¶ 6 indicates that the Plaintiff is Digital Sin, Inc. but this appears to be a typographical error in that the case is not styled as such.

1

"Real Female Orgasms #8" (the "Motion Picture") (Compl. ¶ 8; *see also* Compl. ¶ 17.). Plaintiff alleges that each of the 87 Doe Defendants is liable for the infringement of, and contributory infringement of, Plaintiff's copyright in the Motion Picture. (*See generally* Compl.)

Plaintiff has issued a subpoena *duces tecum* to the ISP Comcast seeking information regarding the identity of Doe 82. *See* Exhibit A, attached hereto and included herein by reference.

## II.   LAW AND ARGUMENT

Plaintiff has improperly joined 87 unrelated Defendants contrary to the FRCP's permissive joinder rule (the "Rule") because Defendants did not participate in any acts "arising out of the same transaction, occurrence, or series of transactions or occurrences," and therefore Plaintiff's allegations fall woefully short of meeting the first prong of the Rule. *See* FRCP Rule 20(a)(2)(A). This Court should sever and dismiss the Defendants for improper joinder, and require that Plaintiff re-file the severed cases, pursuant to FRCP Rule 21. In the alternative, this Court should quash the Subpoena.

### A. Plaintiff Has Improperly Joined 87 Unrelated Defendants

"[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes thereby eliminating unnecessary lawsuits." *See Alexander v. Fulton Cnty., Ga.*, 207 F.3d1303, 1323 (11th Cir. 2000). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "The

Federal Rules, however, also recognize countervailing considerations to judicial economy." *See Alexander*, 207 F.3d at 1324. A motion for joinder may be denied if it would result in "prejudice, expense or delay." 7 Charles Alan Wright, et. al., Federal Practice and Procedure § 1652, at 396 (3d ed. 2001). "The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices." *See Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).

### 1. Plaintiff Fails to Meet the Requirements of Permissive Joinder

Although many courts have found alleged copyright infringement through the use of peer-to-peer ("P2P") networks, protocols, and software insufficient to sustain permissive joinder in general, courts have subsequently struggled and split with respect to applying this case law to the BitTorrent protocol in particular. *See generally Liberty Media Holdings, LLC v. BitTorrent Swarm*, No. 1:11-CV-21567-KMM, 2011 (S.D. Fla. Nov. 1, 2011) (hereafter "Liberty"). However, courts in the Eleventh Circuit, and in other circuits, continue to find improper joinder in BitTorrent John Doe cases. *See Id.*[2]

Despite Plaintiff's clever, but misguided technical argument on how these Does participated in the same transaction or occurrence ("T/O"), there is no evidence, technical or otherwise, that the particular Does named in the instant case ever collaborated in the BitTorrent swarm in question. *See generally* Compl. Exhibit B, Declaration of Jon

---

[2] *See also Raw Films, Inc. v. Does 1-32*, No. 1:11-CV-2939, slip op., 2011 WL 6840590 (N.D. Ga. Dec. 29, 2011) (order severing defendants); *Patrick Collins, Inc. v. Does 1-35*, No. 1:11-CV-02940 (N.D. Ga. Dec. 19, 2011) (order severing defendants); *K-Beech, Inc. v. Does 1-63*, No. 1:11-CV-2941-CAP (N.D. Ga. Dec. 5, 2011) (order severing defendants).

Nicolini ("Nicolini"). Nicolini acknowledges the potential size of a swarm, and thereby argues against his own position, by stating "[a]s time goes on, the size of the swarm varies, yet it may endure for a long period of time, with some swarms enduring for 6 months to well over a year depending on the popularity of a particular motion picture." *See Id*. at ¶ 6. The fact that literally hundreds or thousands of individuals may participate in a given swarm argues against the finding of permissive joinder with respect to the 87 Does joined in the instant action. Nicolini goes on at length about the process and methodology used to identify these 87 Does, but provides scant indication, other than some abstract relationship in time, geography and interest in the same Motion Picture, that these particular Does collaborated in a manner that would lend itself to a finding of proper joinder. *See Id*. at ¶ 6. The fatal fallacy of Nicolini's argument is that he applies characteristics that may be true of all participants in a swarm, to the *specific* Defendants in this case. *See generally* Compl. Exhibit B.

In an analogous case recently decided in the Southern District of Florida, the court shines a laser on Nicolini's faulty reasoning, stating as follows:

> Does 1-188 did not participate in the same transaction or occurrence, or the same series of transactions or occurrences. Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1-188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*See Liberty* at *3 (quoting *Hard Drive Prods., Inc. v. Does 1-188*, ---F.Supp.2d.---, No. C-II-01566, 2011 WL 3740473, at *13 (N.D. Cal. Aug. 23, 2011)).

Plaintiff's evidence of the same T/O at best establishes that the Defendants in this case participated in the same swarm over a period of forty five (45) days. *See* Compl. Exhibit A. It does not, and cannot, establish that any of the named Does in this case collaborated with each other in the swarm, in the downloading or uploading of the Motion Picture. In *Raw Films, Inc.*, the court found that "[d]ownloading a work as part of a swarm does not constitute 'acting in concert' with one another, particularly when the transactions happen over a long period." 2011 WL 6840590, at *2; see *also K-Beech, Inc.*, No. 1:II-CV-02941-CAP, at 4 (N.D. Ga. Dec. 5, 2011) (order granting motion to sever). In explanation of that finding, the court reasoned that:

> [t]he differing dates and times of each Defendant's alleged sharing do not allow for an inference that the Defendants were acting in concert. While the Defendants may have used the same peer-to-peer system, the Complaint does not allege that they were sharing with each other. For example, Doe 4, who is alleged to have been in the swarm on July 13, 2011, is unlikely to have been in the swarm at the same time as Doe 5, who is alleged to have been in the swarm on March 4, 2011.

*Id*. at *2; *see also K-Beech, Inc.*, No. 1: 11-CV-02941-CAP, at 5-6 (N.D. Ga. Dec. 5, 2011).

The same fact pattern applies in this case and warrants a similar holding. There is simply no provable T/O relationship between and among the Does in this case, other than a completely unwarranted and misguided leap of faith inference. Plaintiff's allegation does not warrant the inference that Defendants exchanged any piece of the Motion Picture with each other or actually acted in concert with one another. *See e.g., MCGIP, LLC v. Does 1-149*, No. C 11-02331 LB, slip op., 2011 WL 4352110, at *3 (N.D. Cal. Sept. 16, 2011) (finding improper joinder where the plaintiff failed to show that any of

5

the defendants actually exchanged any piece of the seed file with one another); *see also Boy Racer, Inc. v. Does 1-60*, No. C 11-01738 S1, slip op., 2011 WL 3652521, at *4 (N.D. Cal. Aug. 19, 2011) (finding improper joinder because "Plaintiff [did] not plead facts showing that any particular defendant illegally shared plaintiff's work with any other particular defendant").

Similarly, in this case, Plaintiff's allegations that Defendants committed the same type of violation in the same way simply does not equate to participation in the same T/O. *See LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992, at *7 (B.D.N.C. Feb. 27, 2008). This argument, standing alone, is sufficient to warrant the severance of the Defendants.

### 2. Joinder Cannot Be Reconciled with the Underlying Rationale that Supports the Permissive Joinder Rule.

"Among the factors to be considered by the court in exercising its discretion under Rule 21 are whether ... judicial economy would be facilitated, whether prejudice would be avoided if severance were granted, and whether different witnesses and documentary proof are required for the separate claims." *Hartley v. Clark*, No. 3:09cv559/RV/EMT, 2010 WL 1187880, at *4 (N.D. Fla. Feb. 12, 2010); *see also*, 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1652, at 396 (3d ed. 2001) ("[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objective of the rule, but will result in prejudice, expense or delay").

Joinder of 87 unrelated Defendants in this case will cause needless prejudice, expense, and delay. Individual Defendants will almost certainly assert distinct affirmative

and factual defenses. *See BMG Music v. Does 1-203*, No. Civ. A 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004). Further, the electronic discovery issues related to a copyright infringement claim this technical in nature would significantly, if not exponentially, increase the cost and complexity of defending this action, because each Defendant's technical infrastructure, and number of computing devices located therein, would almost certainly be guaranteed to differ. *See generally Boy Racer, Inc. v. Does 1-52*, No. 11-CV-2329-PSG, at 4 (N.D. Cal. Sept. 13, 2011) (order denying further discovery). This would lead to onerous and intrusive discovery requests including interrogatories, production of documents, and depositions. *Id.*[3] Such burdensome discovery, most of which will not apply to an individual Defendant, but must nonetheless be reviewed by the Defendant's counsel, will severely prejudice each Defendant and contribute nothing toward judicial economy.

Therefore, in order to support the rationale of FRCP Rule 20, this Court should sever the Defendants, dismissing them from the instant action, and allow the individual cases to proceed on the merits.

### B. Plaintiff's Subpoena Must Be Quashed Because it Fails in its Essential Purpose.

A Ru1e 45 subpoena must fall within the scope of proper discovery under FRCP Rule 26(b)(l), which limits discovery to "any matter, not privileged, that is relevant to the

---

[3] *See also*, e.g., *Pac. Century Int'l Ltd. v. Does 1-101*, No. C-ll-02533-(DMR), 2011 WL 5117424, at *3 (N.D. Cal. Oct. 27, 2011) ("An internet based copyright infringement case with at least 101 defendants would prove a logistical nightmare." (emphasis added)); *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 233 (M.D. Tenn. 2001) ("If joined in one action, hundreds of Defendants will be subject to an overwhelming onslaught of materials and information unrelated to the specific claims against them - all of which they must pay their attorneys to review.").

claim or defense of any party in the pending action and is reasonably calcu1ated to lead to the discovery of admissible evidence." *See* FRCP Rule 26(b)(1). If a subpoena falls outside the scope of permissible discovery, the Court has authority to quash or modify it upon a timely motion by the party served, or a party challenging the relevancy of the records sought. *See* FRCP Rule 45(c)(3).

This Court, in its Order Granting Plaintiff's Motion for Leave to take Discovery Prior to Rule 26(f) Conference, explicitly recognized Defendants' right to challenge the Subpoena. (Doc. 6). The Subpoena issued to Comcast and attached as <u>Exhibit A</u> to this Motion should be quashed pursuant to FRCP Ru1e 26 because Defendant challenges the essential purpose regarding Plaintiff's request for early discovery that produced the Subpoena.

Plaintiff has requested, through its Subpoena, identification information for certain Internet IP addresses. (*See* Compl. <u>Exhibit A</u>). At best, an Internet IP address provides identification information pertaining to a subscriber (e.g. a residence or business) but cannot identify the individual within the residence or business that allegedly infringed upon Plaintiff's copyright in the Motion Picture. Plaintiff will require extensive discovery before the identification of the infringer may be determined, if it can be determined at all. *See generally VPR lnt'l v. Does 1-1017*, 2:ll-CV-02068-HAB-DGB at 2 (C.D. TIL April 29, 2011) (where the court noted that an infringer "might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.").

8

In an analogous case with a similarly situated plaintiff, the plaintiff was forced to admit that the subpoena issued was incapable of identifying a defendant merely by IP address and represented nothing more than a starting point to a far more intrusive discovery process. *See Boy Racer* at 4 (withdrawing its prior order granting limited early discovery and denying further discovery requests because "[p]resumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, house guest or other sharing his internet access, would be fair game") (internal quotes and citations omitted).

The Plaintiff's Subpoena woefully fails in its essential purpose and therefore should be quashed.

### III.   CONCLUSION

Plaintiff's joinder of 87 Defendants is improper because Plaintiff's claims do not arise out of the same transaction, occurrence, or series thereof, and because the rationale of no prejudice and judicial economy that underpins FRCP Rule 20 have not been met. Further, Plaintiff's Subpoena should be quashed because it fails in its essential purpose.

For these reasons, Doe 82 respectfully requests that this Court: (a) sever and dismiss all Defendants pursuant to FRCP Rule 21 and require Plaintiff to bring individual actions against each Defendant; (b) quash the Subpoena pursuant to FRCP Rule 26; and (c) grant such other and further relief to which Doe 82 may justly be entitled.

Respectfully submitted,


By: */s/ Carlos A. Leyva*
Carlos A. Leyva, Esq.
Florida Bar No. 0051017
**DIGITAL BUSINESS LAW GROUP, P.A.**
1001 Starkey Rd. #18
Largo, FL  33771
(800) 516-7903 phone
(800) 257-9128 fax
cleyva@digitalbusinesslawgroup.com

**ATTORNEY FOR DEFENDANT
DOE 82**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing system as of March 7, 2012.

> By: /s/ Carlos A. Leyva
> Carlos A. Leyva, Esq.