IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THIRD DEGREE FILMS, INC., Plaintiff, v. DOES 1-259, Defendants. _____/ | CONSOLIDATED CASE NO. 4:11cv570-RH/WCS |
| THIRD DEGREE FILMS, INC., Plaintiff, v. DOES 1-375, Defendants. _____/ | CASE NO. 4:11cv572-RH/WCS |
| DIGITAL SIN, INC., Plaintiff, v. DOES 1-208, Defendants. _____/ | CASE NO. 4:11cv583-RH/WCS |
| DIGITAL SIN, INC., Plaintiff, v. DOES 1-145, Defendants. _____/ | CASE NO. 4:11cv584-RH/WCS |
| DIGITAL SIN, INC., Plaintiff, v. DOES 1-167, Defendants. _____/ | CASE NO. 4:11cv586-RH/WCS |
| NEXT PHASE DISTRIBUTION, INC., Plaintiff, v. DOES 1-126, Defendants. _____/ | CASE NO. 4:12cv6-RH/WCS |
| PATRICK COLLINS, INC., Plaintiff, v. DOES 1-85, Defendants. _____/ | CASE NO. 4:12cv7-RH/WCS |

| | |
|---|---|
| ZERO TOLERANCE ENTERTAINMENT, INC.,<br>Plaintiff,<br>v.<br>DOES 1-52,<br>Defendants.<br>_____/ | CASE NO. 4:12cv8-RH/WCS |
| MEDIA PRODUCTS, INC.,<br>Plaintiff,<br>v.<br>DOES 1-34,<br>Defendants.<br>_____/ | CASE NO. 4:12cv24-RH/WCS |
| SBO PICTURES, INC.,<br>Plaintiff,<br>v.<br>DOES 1-92,<br>Defendants.<br>_____/ | CASE NO. 4:12cv25/RH/WCS |
| SBO PICTURES, INC.,<br>Plaintiff,<br>v.<br>DOES 1-97,<br>Defendants.<br>_____/ | CASE NO. 4:12cv26-RH/WCS |
| METRO INTERACTIVE, LLC,<br>Plaintiff,<br>v.<br>DOES 1-56,<br>Defendants.<br>_____/ | CASE NO. 4:12cv43-RH/WCS |
| EVASIVE ANGLES ENTERTAINMENT,<br>Plaintiff,<br>v.<br>DOES 1-97,<br>Defendants.<br>_____/ | CASE NO. 1:11cv241-RH/GRJ |
| ELEGANT ANGEL, INC.,<br>Plaintiff,<br>v.<br>DOES 1-87,<br>Defendants.<br>_____/ | CASE NO. 1:11cv243-RH/GRJ |
| ELEGANT ANGEL, INC.,<br>Plaintiff,<br>v.<br>DOES 1-115, | CASE NO.: 1:11cv245-RH/GRJ |

Defendants.
_____/
ELEGANT ANGEL, INC.,
Plaintiff,
v.                                                          CASE NO. 1:11cv246-RH/GRJ
DOES 1-85,
Defendants.
_____/
ELEGANT ANGEL, INC.,
Plaintiff,
v.                                                          CASE NO. 1:11cv247-RH/GRJ
DOES 1-77,
Defendants.
_____/
MEDIA PRODUCTS, INC.,
Plaintiff,
v.                                                          CASE NO. 1:11cv248-RH/GRJ
DOES 1-175,
Defendants.
_____/
DIGITAL SIN, INC.,
Plaintiff,
v.                                                          CASE NO. 1:11cv280-RH/GRJ
DOES 1-150,
Defendants.
_____/
DIGITAL SIN, INC.,
Plaintiff,
v.                                                          CASE NO. 1:11cv281-RH/GRJ
DOES 1-131,
Defendants.
_____/
EXQUISITE MULTIMEDIA, INC.,
Plaintiff,
v.                                                          CASE NO. 1:12cv2-RH/GRJ
DOES 1-178,
Defendants.
_____/
MEDIA PRODUCTS, INC.,
Plaintiff,
v.                                                          CASE NO. 1:12cv3-RH/GRJ
DOES 1-43,
Defendants.
_____/
NEXT PHASE DISTRIBUTION, INC.,
Plaintiff,

v.  
DOES 1-93,  
Defendants.  
_____/  
PATRICK COLLINS, INC.,  
Plaintiff,  
v.  
DOES 1-159,  
Defendants.  
_____/  
THIRD DEGREE FILMS, INC.,  
Plaintiff,  
v.  
DOES 1-195,  
Defendants.  
_____/  
MEDIA PRODUCTS, INC.,  
Plaintiff,  
v.  
DOES 1-168,  
Defendants.  
_____/  
SBO PICTURES, INC.,  
Plaintiff,  
v.  
DOES 1-98,  
Defendants.  
_____/  

CASE NO. 1:12cv4-RH/GRJ

CASE NO. 1:12cv18-RH/GRJ

CASE NO. 1:12cv19-RH/GRJ

CASE NO. 1:12cv20-RH/GRJ

CASE NO. 1:12cv21-RH/GRJ

**TERIK HASHMI'S RESPONSE TO SHOW CAUSE ORDER**

Pursuant to the Court's Order of February 16, 2012 [Document 7 in the consolidated case], Terik Hashmi hereby responds to the Court's request "to show cause why the cases should not be dismissed." *Order of February 16, 2012, page 11 of 12*.

The Court stated in its Show Cause Order of February 16, 2012, that "[t]his court's rules allow an attorney to become a member of the court's bar without being a member of the Florida Bar, so long as the attorney is a member in good standing of the bar of another state. The rule is intended to allow membership in our bar by an out-of-state attorney who is a member of the bar

4

in the attorney's home state. An attorney who resides in Florida but who is not a member of the Florida Bar cannot properly appear in this court. This has been this court's consistent interpretation of the local rule …" *Order of February 16, 2012, page 10 of 12*.

First and foremost, former Counsel for Plaintiffs truly wishes to formally apologize to the Honorable Court for regrettably wasting the Court's (and Court administration's) valuable time over Counsel's error in interpreting the admission/practice eligibility requirements.  Such error was truly unintentional and Counsel recognizes in hindsight that he should have exercised greater due diligence prior to the filing of any actions before the Court.

Terik Hashmi, Esq., resides in Florida without being a member of the Florida State Bar, and the Court thus issued a Show Cause Order to Counsel about his practice of law.

Terik Hashmi now respectfully requests this Court to permit current substitute counsel, Mr. Mike Meier, Esq., continue the cases and cure the defects because:

(1) Under *Torrey v. Leesburg Regional Medical Center*, the filing of a Complaint by an attorney not licensed is an amendable defect.

(2) The Plaintiffs should not be punished for erroneous acts of their then-counsel.  It is Florida's policy that cases be decided on the merits.

(3) If there was any neglect, it is excusable. Plaintiffs had no reason to believe there was an issue with then-counsel's admission to practice in this Court.

(4) In the interest of judicial economy, current substitute Counsel should be allowed to continue the pending cases. Nothing is gained by having substitute counsel re-file the pending cases, it would burden Plaintiffs, this Court, and the John Doe defendants.

## I. Under *Torrey v. Leesburg Regional Medical Center*, the filing of a Complaint by an attorney not licensed is an amendable defect.

The Florida Supreme Court held in *Torrey v. Leesburg Regional Medical Center*, 769 So.2d 1040 (Fla. 2000) that a complaint filed and signed by an attorney not licensed to practice in Florida is an amendable defect. There, the Florida Supreme Court held:

As emphasized by the Third District in [Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So. 2d 247 (Fla.App. 3 Dist. 1985)], the nullity rule truly places the burden on the unwary litigant, not the offending attorney: 'Indeed, prohibiting amendment and dismissing as a nullity the complaint would yield the ironic result of prejudicing the constituents of the corporation, the very people sought to be protected by the rule against the unauthorized practice of law.' Szteinbaum, 476 So.2d at 250. A similar observation was made by the Fourth District Appellate Court of Illinois in McEvers v. Stout, 218 Ill.App.3d 469, 161 Ill.Dec. 194, 578 N.E.2d 321 (1991). The McEvers court allowed the plaintiffs to amend their medical malpractice complaint after the expiration of the statute of limitations where the original complaint was dismissed as a nullity because it was filed by an attorney not licensed to practice in Illinois. The court concluded that the nullity rule exacted too harsh a penalty on litigants: "[W]e find the Fruin rule provides a result that is too harsh.... Underlying our decision is the recognition that a nullity rule appears to punish the litigant rather than the offending attorney. This might be advisable, if we could legitimately assume that litigants are aware of the rules relating to the practice of law. Assuming such would be unreasonable. Id., 161 Ill.Dec. 194, 578 N.E.2d at 322. […]

*Torrey*, 769 So.2d 1045 (footnotes omitted).

[A]lthough we agree with the Szteinbaum court's rejection of the nullity rule, we believe that the policy of allowing cases to be decided on the merits whenever possible and the protection of litigants from the dangers associated with the unlicensed practice of law are best served by a rule of law that allows amendment of these defective pleadings without requiring the establishment of excusable neglect. Accordingly, consistent with the liberal rules regarding the amendment of pleadings, we conclude that a trial court must allow litigants a reasonable amount of time to amend their complaints with the appearance of authorized counsel. A dismissal should only be granted if the party fails to timely amend his or her pleading.

*Torrey*, 769 So.2d 1045-6 (footnotes omitted).

*Torrey* was confirmed by the Florida Supreme Court in *Colby Materials, Inc. v. Caldwell Construction, Inc.*, 926 So. 2d 1181 (Fla. 2006), where the Court held:

In quashing the Fifth District's decision in *Torrey,* we held that trial courts should not treat papers filed by unlicensed or unauthorized agents as an absolute nullity but, rather, should give litigants in such situations a reasonable opportunity to secure Florida counsel. … Only if the party does not timely act thereafter should sanctions be imposed. … Importantly, we expressly concluded that the entitlement to such an option does not require a demonstration of excusable neglect …"

Colby, 926 So. 2d at 1183.

In Colby, the Florida Supreme Court also noted that a showing of excusable neglect is not required:

*Torrey* clearly holds that a showing of excusable neglect is not required in allowing the amendment of pleadings rendered defective by the absence of an appropriate attorney-agent. *Torrey,* 769 So.2d at 1046.

Colby, 926 So. 2d at 1183.

Several other Florida courts have upheld the rule in *Szteinbaum*. *See Telepower Communications, Inc. v. LTI Vehicle Leasing Corp.*, 658 So. 2d 1026 (Fla. App. 4 Dist. 1995) (notice of appeal not signed by attorney can be cured based on Szteinbaum and other precedent); *J.A.R., Inc. v. Universal American Realty Corporation*, 485 So. 2d 467 (Fla. App. 3 Dist. 1986) (initial pleading signed by non-lawyer is not nullity).

## II. The Plaintiffs should not be punished for erroneous acts of their then-counsel.  It is Florida's policy that cases be decided on the merits.

Whenever possible, cases should be determined on their merits, not on irrelevant technicalities. *See, e.g., Puga v. Suave Shoe Corp.*, 417 So.2d 678, 679 (Fla. 3d DCA 1981) (en banc); see also *Venero v. Balbuena*, 652 So.2d 1271, 1272 (Fla. 3d DCA 1995) ("Florida policy dictates a preference that cases be decided on their merits"); *Moreno Construction, Inc. v. Clancy & Theys Construction Co.*, 722 So. 2d 976 (Fla. 5th DCA 1999) ("Florida's policy that cases should be tried on their merits whenever possible prevails").

7

Here, if the cases were dismissed, the Court would only punish the Plaintiffs.

### III.   **If there was any neglect, it is excusable. Plaintiffs had no reason to believe there was an issue with then-counsel's admission to practice in this Court.**

Even though *Torrey* does not require a showing of excusable neglect, Terik Hashmi notes that such neglect is not present. Plaintiffs relied on their then-counsel's representation that he is properly admitted to practice in this Court. Then-counsel was able to file Plaintiffs' cases through the ECF system, thus indicating to Plaintiffs that he was properly licensed. When Terik Hashmi received notice that there may be issues with then-counsel's admission to practice, Plaintiffs required proof of his proper admission to practice in this Court. Terik Hashmi provided the admission certificate and his admission application, showing no misrepresentation.

Also, the relevant rule in the Northern District of Florida does not expressly state that admission for non-Florida-barred attorneys is only for non-resident lawyers: "An attorney is qualified for admission to the bar of this district if the attorney: (1) is currently a member in good standing of The Florida Bar or the Bar of any state …" There is nothing in the rule indicating that "member in good standing of Bar of any state" only applies to non-Florida attorneys.  Nowhere in the rules is there a suggestion that residency of the attorney is a relevant criteria.

Under Florida Rule of Professional Conduct 4-5.5(b)(3), (3), a lawyer not licensed in Florida may not appear "in court, before an administrative agency, or before any other tribunal *unless authorized to do so by the court*, administrative agency, or tribunal pursuant to the applicable rules of the court, administrative agency, or tribunal." (emphasis added).

Since then-counsel had apparent authorization to practice in this Court (through formal admittance of Counsel to the Court prior to the filing of any action within the District after full

8

and complete disclosure of then-Counsel's out-of-state bar membership and in-state residency upon entrance/admission application and examination, as well as upon all documentation filed before the Honorable Court), Plaintiffs nor then-Counsel had no reason to believe otherwise.

**IV.   Substitute Counsel should be allowed to continue the pending cases for judicial economy. Nothing is gained by having substitute counsel re-file the pending cases, as it would burden Plaintiffs, this Court, and the John Doe defendants.**

Finally, Plaintiffs should have an opportunity to cure the effects because of judicial economy. If the cases were dismissed, counsel would have to re-file them, and the entire process would start anew. This burdens not only the Plaintiff, but also this Court's administration. Furthermore, it would be a burden on the John Does who have already filed motions to quash, as they would have to refile their motions as well.

Therefore, Terik Hashmi respectfully requests this Court to permit Plaintiffs to cure the defects by:

(a) Filing Amended Complaints with new counsel as the attorney of record; and

(b) Re-filing the subpoenas in the name of new counsel; and

(c) Grant an appropriate extension within which to respond to the pending motions to quash or dismiss. The John Does should not be required to re-file those motions.

Counsel deeply regrets that his error has led to the instant situation, and formally apologizes to the Honorable Court and all impacted parties.   Counsel, immediately upon learning of the error via issuance of the Show Cause Order of February 16, 2012, took every

available measure to protect the interests of Plaintiffs as well as to comply with the Order of the Court. Counsel immediately contacted and secured substitute Counsel on the same day, who shortly thereafter entered his appearance, and Counsel immediately ceased all related activities. Furthermore, Counsel was retained solely on a success-based basis, and thus has received no fee in relation to any prior representation of any interested Plaintiff. Counsel is extremely sorry for the error made in relation hereto, and is willing to admit publicly to such and fully accepts complete responsibility.

Respectfully Submitted,

Date: March 9, 2012

By:   /s/ Terik Hashmi
Terik Hashmi (OH Supreme Court #0064329)
N.D. Florida: Practice limited to Federal law.
Not Admitted in Florida.
Transnational Law Group, LLC
429 Lenox Avenue, Suite 5C13
Miami Beach, FL 33139
Phone: (888) 731-8955
Fax: (305) 721-1685
Email:
terik.hashmi.esq@transnationallawgroup.com

FORMER ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on 9 March 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system.

By:    /s/ Terik Hashmi
        Terik Hashmi (OH Supreme Court #0064329)
        N.D. Florida: Practice limited to Federal law.
        Not Admitted in Florida.
        Transnational Law Group, LLC
        429 Lenox Avenue, Suite 5C13
        Miami Beach, FL 33139
        Phone: (888) 731-8955
        Fax: (305) 721-1685
        Email:
        terik.hashmi.esq@transnationallawgroup.com

        FORMER ATTORNEY FOR PLAINTIFFS