# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

THIRD DEGREE FILMS, INC.,

Plaintiff,

v.

DOES 1-259,

Defendants.
_____/

CONSOLIDATED
CASE NO. 4:11cv570-RH/WCS

### JOHN DOES' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S REPONSE TO SHOW CAUSE ORDER

COMES NOW the LS Law Defendants,[1] by and through the undersigned counsel, hereby files this Memorandum in Opposition to Plaintiffs' Two Responses to Show Cause Order [DE 39 & 44], and states as follows:

---

[1] This opposition memorandum is filed on behalf of various John Doe Defendants ("LS Law Defendants") named in several of the Consolidated Actions represented by the undersigned, as identified in the following chart:

| Case No. | Doe No. | Case No. | Doe No. |
|---|---|---|---|
| 4:11-cv-00583 | 75 | 4:11-cv-00572 | 41 |
| 4:11-cv-00583 | 137 | 4:11-cv-00572 | 35 |
| 4:11-cv-00583 | 164 | 4:11-cv-00572 | 30 |
| 4:11-cv-00583 | 165 | 4:11-cv-00572 | 277 |
| 4:11-cv-00583 | 46 | 4:11-cv-00572 | 215 |
| 4:11-cv-00583 | 102 | 4:11-cv-00572 | 301 |
| 4:11-cv-00586 | 40 | 4:11-cv-00572 | 283 |
| 4:11-cv-00570 | 88 | 1:11-cv-00280 | 115 |
| 4:11-cv-00570 | 126 | 1:11-cv-00280 | 114 |
| 4:11-cv-00570 | 103 | 1:11-cv-00280 | 122 |
| 4:11-cv-00570 | 88 | 1:12-cv-00003 | 2 |
| 4:11-cv-00572 | 2 | 1:11-cv-00245 | 85 |

## INTRODUCTION AND FACTUAL BACKGROUND

1.     In the Court's February 16, 2012 Order, it consolidated 27 cases (the "Consolidated Actions") for case-management purposes only and required plaintiffs' counsel, Terik Hashmi, to show cause why the Consolidated Actions should not be dismissed on the ground that he has no authority to practice law in Florida or in this Court.  Additionally, the Court stayed the Consolidated Actions pending a ruling on Mr. Hashmi's authority to practice law in Florida.

2.     On February 26, Mike Meier, an attorney not otherwise affiliated with the Consolidated Actions, filed a notice of appearance [DE 32] and later moved to substitute in as counsel for plaintiffs [DE 33].  Mr. Meier is purportedly admitted as an attorney in the Northern District of Florida, although he is admittedly not licensed to practice in the State of Florida.

3.     On February 28, 2012 [DE 36], the Court granted Mr. Meier's motion to substitute as counsel for plaintiffs but reiterated that plaintiffs must show cause why the Consolidated Actions should not be dismissed due to the "illegal filing of the cases, if that is what occurred."

4.     On March 2, 2012, Mr. Meier filed a response to the Court' Order to Show Cause arguing that the actions should not be dismissed for various reasons.

5.     That same day, Defendant John Doe 34, named in the action *Elegant Angels, Inc. v. Does 1-87* ("*Elegant Angels Action*"), responded in opposition to Mr. Meier's submission and requested, *inter alia*, that the court dismiss the *Elegant Angels Action* because it was filed by a person who had no authority to practice law in Florida.

6.     On March 9, 2012, Mr. Hashmi responded to the Court's Order to Show Cause making the same arguments previously put forth by Mr. Meier.

7.     The LS Law Defendants now move to join the memorandum in opposition filed by John Doe 34 in the *Elegant Angels Action,* and submit as an additional basis for dismissal of the Consolidated Actions the following.

8.     In each of the consolidated actions, Mr. Hashmi submitted a "Verification" pursuant to 28 U.S.C. § 1746 wherein Mr. Hashmi declared that he read each Complaint and "based on [his] personal knowledge and information" they were "true."

9.     Moreover, in the Verification, Mr. Hashmi declares as true the basis for the Court's jurisdiction, the logic behind the joinder of thousands of John Doe Defendants, the authentication of the underlying copyright registration, and the entire technological rationale that resulted in the naming of each and every one of the Defendants.

10.    Specifically, Mr. Hashmi represented that he personally worked with Mr. Jon Nicolini, the Vice President of Copyright Enforcement Group, in order to prepare the necessary allegations to identify the alleged copyright infringers. This included Mr. Hashmi's sworn statement that he: (1) "personally conducted a random batch test of the purported locations of the IP addresses" in order to support his allegations on jurisdiction; (2) "personally participated in an information session on torrent software … [where he] personally saw the multiple steps that are required to log into a torrent system to trade files" in an attempt to support the Complaints' joinder of thousands of defendants; and (3) "personally checked that a copyright registration for the work at issue [had] been filed" to support his copyright infringement allegations.

11.    Because Mr. Hashmi is no longer affiliated with the Consolidated Actions following the Court's determination of his improper practice in Florida, all of these essential verification are invalid and should be declared null and void. Consequently, the "verified" complaints in the Consolidated Actions cannot stand and should be dismissed.

     WHEREFORE, the LS Law Defendants respectfully prays for an order dismissing the Consoldiated Actions and such further relief as the Court may deem just and proper.

Respectfully submitted,

LALCHANDANI SIMON PL


By: /s/ Daniel J. Simon
Danny Simon
Florida Bar No.: 0016244
danny@lslawpl.com
Kubs Lalchandani
Florida Bar No.: 0063966
kubs@lslawpl.com
990 Biscayne Blvd., Office 503
Miami, Florida 33132
Tel: (305) 999-5291
Fax: (305) 671-9282
*Attorneys for the LS Law Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing as of March 12, 2012.


By: /s/ Daniel J. Simon
Danny Simon, Esq.