IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THIRD DEGREE FILMS, INC.,  ) | |
| Plaintiff,                 ) | |
|                            ) | CONSOLIDATED |
| v.                         ) | CASE NO. 4:11cv570-RH/WCS |
| DOES 1-259,                ) | |
| Defendants.                ) | |
| _____) | |

**PLAINTIFFS' REPLY TO TWO VIRTUALLY IDENTICAL DOCUMENTS "JOHN DOES' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER" [Documents 45 and 53]**

Pursuant to the Court's Order of February 28, 2012 [Document 36 in the consolidated case], Plaintiffs, by and through counsel, responded to the Court's request "to show cause why the cases should not be dismissed." [Document 39].

On March 12 & 19, 2012, certain John Does, by and through counsel, responded to the Show Cause Order with virtually identical filings [Documents 45 & 53]. The two filings, each entitled "John Does' Memorandum in Opposition to Plaintiff's Response to Show Cause Order," are immaterial, as the Court's Show Cause Order was only directed at Plaintiffs' former and current counsel.

In the two documents "John Does' Memorandum in Opposition to Plaintiff's Response to Show Cause Order," each counsel argues that the then-counsel's "verification" that was attached to the Complaints is invalid because of then-counsel's improper admission to the Court.

The verification was not an essential part of the Complaints. Under the local rules, a verified complaint is only required for complaints and claims filed pursuant to Supplemental Rules (B), (C) and/or (D).

1

The verification simply confirmed that former counsel had, *inter alia*, conducted a random batch test of the purported locations of the John Does, attended a training session on BitTorrent file-sharing software, and checked the copyright registration at issue.

The fact that former counsel is no longer associated with this case does not render the verification untrue.

Since former counsel is no longer associated with this consolidated case, the verification simply does not have any importance.

If the John Does' Memorandum in Opposition to Plaintiff's Response to Show Cause Order" were considered a "pleading," Plaintiffs could move to strike under Rule 12(f). See Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") However, pursuant to Federal Rule of Civil Procedure 7(a), "pleadings" consist of only: a complaint an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim: a third-party complaint, and a reply to an answer (if the court orders one). Accordingly, numerous courts in the Eleventh Circuit and elsewhere have held that a motion to strike filings (in whole or in part) that are not pleadings (as defined by Rule 7(a)) is improper. *See, e.g., Croom v. Balkwall*, 672 F. Supp. 2d 1280, 1285 (M.D. Fla. 2009) ("Generally, a motion to strike is limited to the matters contained in the pleadings.").

The John Does' "Memorandum in Opposition to Plaintiff's Response to Show Cause Order" is irrelevant and should be disregarded. If the Court opines that the verification does have importance, then it can simply strike the verification on its own, based on Rule 12(f) *("(f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own ...).*

Date: March 21, 2012

          By:   /s/ Mike Meier
               Mike Meier (D.C. Bar #444132)
               N.D. Florida: Practice limited to federal law.
               Not Admitted in Florida.
               The Copyright Law Group, PLLC
               4000 Legato Road, Suite 1100
               Fairfax, VA 22033
               Phone: (888) 407-6770
               Fax: (703) 546-4990
               Email:
               mike.meier.esq@copyrightdefenselawyer.com

               ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on 21 March 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system.

        By:   /s/ Mike Meier
            Mike Meier (D.C. Bar #444132)
            N.D. Florida: Practice limited to federal law.
            Not Admitted in Florida.
            The Copyright Law Group, PLLC
            4000 Legato Road, Suite 1100
            Fairfax, VA 22033
            Phone: (888) 407-6770
            Fax: (703) 546-4990
            Email:
            mike.meier.esq@copyrightdefenselawyer.com

            ATTORNEY FOR PLAINTIFFS